UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **KRISTI RICHARDSON,** | § § § |
| **Plaintiff,** | § § |
| v. | §  **CIVIL ACTION NO.** 2:23-cv-180-TBM-RPM § § **(JURY TRIAL DEMANDED)** |
| **PETAL SCHOOL DISTRICT and FORREST COUNTY SCHOOL DISTRICT,** | § § § § |
| **Defendants.** | § § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Kristi Richardson ("Plaintiff"), by and through undersigned counsel, and files this Original Complaint against Defendants Petal School District and Forrest County School District ("Defendants"), and in support thereof, states as follows:

### NATURE OF THE CASE

1. This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), which provides relief against discrimination in employment. Plaintiff alleges that Defendants violated the ADA by disclosing confidential information about her medical condition and terminating or refusing to provide employment based on her medical condition.

2. Plaintiff requests a jury trial and seeks injunctive relief, equitable relief, compensatory and punitive damages, and attorneys' fees.

**PARTIES AND PERSONAL JURISDICTION**

3.     Plaintiff Kristi Richardson is a female who resides in Forrest County, Mississippi, and is a citizen of the United States.

4.     Defendant Forrest County School District (Forrest County) is a political subdivision of the State of Mississippi and a local educational agency. The District is located within Forrest County, Mississippi, operating wholly within the United States District Court for the Southern District of Mississippi, Eastern Division. It may be served with process through its Superintendent, Roy Gill, at 400 Forrest St, Hattiesburg, MS 39401.

5.     Defendant Petal School District ("Petal") is a political subdivision of the State of Mississippi and a local educational agency. The District is located within Forrest County, Mississippi, operating wholly within the United States District Court for the Southern District of Mississippi, Eastern Division. It may be served with process through its Superintendent Matthew L. Dillon, Ph.D., at 103 East Central Avenue, Petal, MS 39465.

**SUBJECT MATTER JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1343, 1331 based on a federal question.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this Complaint occurred in this District and because Defendant is subject to the Court's personal jurisdiction in this District.

8.     All prerequisites to filing suit have been met.

**FACTS**

9.     More than thirty days prior to the institution of this lawsuit, Plaintiff filed a charge with the EEOC alleging disability discrimination in violation of Title I by Defendants.

10. Plaintiff timely filed her Complaint within ninety days of receipt of her notice of right to sue.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. Plaintiff has been an educator since 2002. She is a former employee of the Forrest County School District. In February 2021, while working for Forrest County, she was diagnosed with complex adjustment disorder with anxiety and panic attacks. Her condition caused her to miss significant time at work.

13. Plaintiff's doctor recommended that she not return to work based on her condition. Forrest County required Plaintiff to share her medical condition on FMLA forms in order for her to take leave under the Family and Medical Leave Act ("FMLA"). Thus, Forrest County was aware of Plaintiff's extensive mental health issues and how they affected her work. Plaintiff later resigned from her position with Forrest County on May 10, 2022.

14. Shortly thereafter, Plaintiff applied to Petal School District as a 10th-grade biology teacher. After applying, Petal interviewed Plaintiff and told her she was an outstanding candidate. Petal informed Plaintiff that it spoke to several former employers and supervisors most of whom provided stellar recommendations. There was one exception, however. Plaintiff's principal while working for Forrest County, Dr. O'Neal, provided a negative recommendation because Plaintiff missed so many days due to her medical condition. Nevertheless, Petal informed her that her positive references and strong record invalidated the single negative recommendation. Further, she was told the need for a biology teacher in Petal to improve state testing was high.

15. On May 12, 2022, the principal at Petal High School, Dr. Zach Bost, sent Plaintiff a text message informing her that she was approved to be hired. The text message stated, "Dr.

Dillon [Petal Superintendant] has approved you for hire. Next step[s] will be Jan Graham calling to set up a background check."

16.     Later, on June 6, 2022, however, Dr. Bost texted Plaintiff, "Can you give me a call? We had an issue with the hiring process." Petal had rescinded the offer of employment. Dr. Bost informed her that the decision was based on a phone conversation between the Forrest County Superintendent and the Petal Superintendent. Based on her conversation with the principal, Plaintiff believes the Forrest County Superintendent disclosed her mental health condition. Plaintiff further believes Petal's subsequent decision to rescind its offer was based on her mental health condition.

## CAUSES OF ACTION

### VIOLATIONS OF THE AMERICAN WITH DISABILITIES ACT

17.     Plaintiff repeats and re-alleges each preceding paragraph as if set forth fully herein.

18.     Defendant Petal declined to offer Plaintiff a teacher contract because she had a disability, or had a "record of" or was regarded as having a mental disability.

19.     Title I of the ADA makes it unlawful for an employer to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring ... of employees ... and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112 (a).

20.     Moreover, Defendant Forrest County unlawfully disclosed Plaintiff's medical information to a potential employer to prevent Plaintiff from being hired.

21.     The ADA's confidentiality provision prohibits employers from making disability-related inquiries "unless such ... inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Employers may make "inquiries into the ability of an

4

employee to perform job-related functions," but medical information obtained from such inquiries is subject to specified confidentiality requirements. 102(d)(3)-(4); 42 U.S.C. §§ 12112(d)(3)-(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that the Court enter an award and judgment in her favor, and against Defendants as follows:

(a) awarding Plaintiff all expenses and costs, including attorney's fees, incurred in connection with this action from Defendants;

(b) a declaratory judgment finding that the actions of Defendants violate Plaintiff's rights protected under Title I of the ADA;

(c) an order requiring Defendants to make Plaintiff whole by awarding her back-pay, compensatory, punitive, emotional, and/or nominal damages;

(d) an order directing Defendants to take such affirmative steps necessary to remediate past discrimination; and

(e) such other and further relief as the Court deems appropriate or that is necessary to make the Plaintiff whole.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Date:   November 17, 2023

Respectfully submitted,

By: /s/ Keith B. French
KEITH B. FRENCH LAW, PLLC
401 E Capitol St Suite 515
Jackson, MS 39201
kfrench@peoplefirstfirm.com
Tel: 832-243-6153
Fax: 832-243-1927

**ATTORNEY FOR PLAINTIFF**